UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | No. 1:06-CV-00849 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| DAVID T. STEVENSON, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss (doc. 20), Plaintiff's Response in Opposition (doc. 24), and Defendant's Reply in Support (doc. 25). Also before the Court is Plaintiff's Motion for Leave to File Supplemental Complaint (doc. 23), Defendant's Response in Opposition (doc. 26), and Plaintiff's Reply in Support (doc. 28). For the reasons stated herein, the Court DENIES Defendant's Motion to Dismiss, and GRANTS Plaintiff's Motion for Leave to File Supplemental Complaint.

**I. Background**

Plaintiff filed his Complaint on December 13, 2006, alleging that Reading Ordinance 2006-108, which restricted sex offenders from residing within 2,000 feet of schools, daycare facilities, playgrounds, parks, libraries, swimming pools, and non-school athletic field premises, violated the Ex Post Facto Clause of the United States Constitution and was unconstitutionally vague (doc. 1). On May 1, 2007, the City of Reading adopted Ordinance 2007-041, which amends Ordinance 2006-108 but reducing the

residency restriction to 1,000 feet of the listed premises (doc. 20).  While Plaintiff's residence is not within 1,000 feet of the park named in the original complaint, his residence is within 1,000 feet of a recently opened school (doc. 23).

## II. Discussion

Defendant filed a motion to dismiss the action on the grounds that Plaintiff's claims set forth in the original complaint are now moot and that Plaintiff lacks standing to pursue this action (doc. 20).  In response, Plaintiff filed a motion for leave to file a supplemental complaint to address Defendant's argument that the original complaint is moot, and further argues that Plaintiff does have standing.  The Court will consider each issue in turn.

### A. Plaintiff's claims are not moot

In Defendant's Motion to Dismiss, Defendant first claims that with the passage of the new residency restriction ordinance, Plaintiff's original claim, that his residence was within 2000 feet of a park, no longer violates the ordinance, making Plaintiff's claims moot (Id.).  Plaintiff asks the Court for leave to file a supplemental complaint, contending that because Plaintiff now lives within 1000 feet of a new private school, a violation of the new ordinance, if his motion is granted, his claims would not be moot (doc. 24, citing Scuba v. Wilkinson, 2006 WL 2794939, *2 (S.D. Ohio

2006)).[1]    While  Defendant  argues  dismissal  on  other  grounds,
Defendant  does  not  contest  Plaintiff's  request  for  leave  to  file  a
supplemental  complaint  (doc. 26).

Rule  15(d)  of  the  Federal  Rules  of  Civil  Procedure
provides:

> Upon motion of a party the court may, upon reasonable
> notice and upon such terms as are just permit the party
> to  serve  a  supplemental  pleading  setting  forth
> transactions or occurrences or events which have happened
> since the date of the pleading sought to be supplemented.
> Permission  may  be  granted  even  though  the  original
> pleading  is  defective  in  its  statement  of  claim  for
> relief or defense.  If the court deems it advisable that
> the  adverse  party  plead  to  the  supplemental  pleading,  it
> shall  so  order,  specifying  the  time  therefor.

Given  the  changed  circumstances  of  this  case,  the  Court
finds  Plaintiff's  request  for  leave  to  file  a  supplemental
complaint  well-taken.  The  Supplemental  Complaint  filed  by
Plaintiff as an attachment to their Motion (doc. 23) is accepted by
the  Court.   As  Defendant  concedes,  Plaintiff's  Supplemental
Complaint negates Defendant's argument that Plaintiff's claims are
moot,  and  therefore  dismissal  is  not  proper  on  this  basis.

---

[1] Defendant  alternatively  argues  that  even  if  Plaintiff  were
not filing his Supplemental Complaint, the case would still not
be moot (doc. 24, <u>citing</u> <u>Friends of the Earth, Inc. v.</u>
<u>Environmental Services (TOC), Inc.</u>, 528 U.S. 167, 169 (2000) ("It
is well settled that a defendant's voluntary cessation of a
challenged practice does not deprive a federal court of its power
to determine the legality of the practice.").  However, because
the Court will allow Plaintiff to supplement his complaint, the
Court need not address this argument.

**B. Plaintiff has standing**

Defendant next argues in his motion to dismiss that Plaintiff lacks standing because he has not suffered an "injury in fact that is 'concrete and particularized, and actual and immediate'" as required by Article III of the Constitution (Id.). Under the City of Reading's Ordinance, Defendant cannot commence an action until he is authorized to do so by the Reading City Council (Id.). Defendant contends that because the Reading City Council has not given an authorization, any enforcement of the Ordinance against Plaintiff is merely a future probability and Plaintiff cannot point to any "actual and immediate" injury (Id., citing in support Miller v. Taft, 151 F.Supp.2d 922, 925-26 (N.D. Ohio 2001), affm'd 22 Fed. Appx. 605 (6th Cir. 2001)).

In response, Plaintiff claims "[t]he uncertainty of whether Mr. Doe will be thrown out of his home has caused- and is continuing to cause him- substantial, concrete, particularized harm" (doc. 24). Further, Plaintiff cites case law to support the proposition that "a party has standing to seek pre-enforcement review of a statute or regulation where the uncertainty of not knowing whether the party will have to comply with the law causes harm" (Id., citing Abbott Laboratories v. Gardner, 287 U.S. 136 (1967); Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 284 (6th Cir. 1997); Mikaloff v. Walsh, 2007 WL 2572268, at *2 (N.D. Ohio, September 4, 2007); 520 South Michigan Avenue Association, Ltd. v.

4

<u>Devine</u>, 433 F.3d 961 (7ᵗʰ Cir. 2006)).

The Court agrees with Plaintiff's position. "When seeking declaratory or injunctive relief, the plaintiff must demonstrate actual present harm or a significant possibility of future harm to justify pre-enforcement relief." <u>Peoples Rights Org. v. City of Columbus</u>, 152 F.3d 522, 527 (6th Cir.). That said, "an individual does not have to await the consummation of threatened injury to obtain preventive relief. Rather, if the injury is certainly impending, that is sufficient." <u>Id</u>. citing <u>Babbitt v. United Farm Workers Union</u>, 442 U.S. 289, 298 (1979). Further, "standing depends on the probability of harm, not its temporal proximity. When injury has occurred or is likely to occur in the future, the fact that state litigation may be delayed does not prevent federal litigation now." <u>520 South Michigan Avenue Association, Ltd.</u>, 433 F.3d at 962.

The Court agrees that Plaintiff has demonstrated an actual and concrete injury sufficient to establish standing. Plaintiff's residence is within 1000 feet of a school, clearly a violation of the amended Reading Ordinance (doc. 24). The Court assumes this ordinance was passed because the City of Reading intends to enforce it, and thus enforcement is certainly likely to occur in the future. See <u>520 South Michigan Avenue Association, Ltd.</u>, 433 F.3d at 962. Plaintiff need not wait until the City of Reading decides to authorize enforcement before he may challenge

5

the validity of the ordinance.  Thus, the Court finds that Plaintiff has standing to bring this action, it is ripe for review, and therefore dismissal is not proper on this ground.

## III. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss (doc. 20), and GRANTS Plaintiff's Motion for Leave to File Supplemental Complaint (doc. 23).


SO ORDERED.


Date:_January 4, 2008          /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge

6